BLANK ROME LLP
Attorneys for Defendant
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PT JAYA SAMUNDRA KARUNIA SHIPPING,<br><br>                Plaintiff,<br><br>- against -<br><br>USL SHIPPING FZE a/k/a USL SHIPPING FZE DUBAI, USL SHIPPIN FZE DUBAI, USL FZE or UNITED SHIPPERS LIMITED,<br><br>                Defendant. | 08 CV 1891 (JCK) |

**VERIFIED ANSWER AND COUNTERCLAIM UNDER ADMIRALTY RULE E(7) OF SUPPLEMENTAL RULES FOR ADMIRALTY AND MARITIME CLAIMS AND ASSET FORFEITURE CLAIMS OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Defendant USL SHIPPING FZE a/k/a USL SHIPPING FZE DUBAI, USL SHIPPIN FZE DUBAI, USL FZE or UNITED SHIPPERS LIMITED ("USL") answers the amended verified Rule B complaint dated February 26, 2008 ("Complaint") of PT JAYA SAMUNDRA KARUNIA SHIPPING ("JAYA" or "Plaintiff") and states as follows upon information and belief:

900200.00001/6631820v.1

1. Admits the allegations in Paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint.

4. Admits the allegations in Paragraph 4 of the Complaint.

5. Admits the allegations in Paragraph 5 of the Complaint.

6. Admits disputes arose under the Charter Party but except as admitted denies the allegations in Paragraph 6 of the Complaint.

7. Denies the allegations in Paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint except admits that plaintiff failed to repay a sum of advance hire.

10. The allegations in Paragraph 10 of the Complaint are legal contentions which need not be admitted or denied but which are denied.

11. Admits the allegations in Paragraph 11 of the Complaint.

12. The allegations in paragraph 13, 14, 15 and 16 of the Complaint are allegations of law which need not be admitted or denied, but are denied except as to paragraph 14's assertion of English law.

## AFFIRMATIVE DEFENSES

### FIRST

1. The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND

2. The Complaint must be stayed or dismissed under 9 U.S.C. § 1 et seq. and §§ 201, et seq. in favor of arbitration.

### THIRD

3. Plaintiff is not the real party interest and lacks standing to bring this claim.

### FOURTH

4. The alleged claims are barred by applicable statutes of limitations.

### FIFTH

5. The alleged claims are barred by operation of law.

### SIXTH

6. The alleged claims are barred by laches.

### SEVENTH

7. Plaintiff failed to properly mitigate its alleged damages.

### EIGHTH

8. Service of the Complaint was improper and insufficient.

## AS AND FOR A COUNTER-CLAIM
## UNDER SUPPLEMENTAL RULE E(7)

9. USL, as charterer, entered into a charter with JAYA as owner of the M/V LIA (the "Vessel") dated on or about July 12, 2007 (the "Charter").

10. JAYA has asserted that it will bring claims in a London arbitration against Trans Power and has obtained, by way of Rule B attachment, security for alleged costs in respect of the London Arbitration in the total sum of $447,040.

11. USL paid advance hire of $250,747 which the Vessel did not earn (the "Advance Hire").

12. Despite request JAYA has refused to return the Advance Hire unilaterally claiming a right to use it as a setoff for its alleged claim for damages under the Charter.

13. USL is entitled to counter-security under Supplemental Rule E(7), without prejudice to its right of London arbitration, for the Advance Hire, with interest thereon..

14. Attorneys' and arbitrators' fees, disbursements and costs are recoverable in London arbitration and USL asserts or will assert such a claim in the same estimated amount as JAYA of $250,000.

15. USL is therefore entitled to counter-security as follows:

| | | |
|---|---|---|
| 1. | Principal claim for Advance Hire: | $250,747 |
| 2. | Interest (3 years at 8%) | $ 60,179 |
| 3. | Arbitrators' fees and attorneys' fees and expenses | $250,000 |
| | TOTAL | $560,926 |

WHEREFORE USL respectfully prays that an order be entered directing Plaintiff post countersecurity in a form acceptable to the Court in the sum of $560,926, or such other amount as the Court may determine pursuant to Supplemental Rule E(7) and provide such other relief, as may be fair and equitable.

Date: New York, New York
April 15, 2008

Respectfully submitted,

BLANK ROME LLP

By: _____
Jeremy J.O. Harwood
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000
*Attorneys for Defendant*

900200.00001/6631820v.1

## VERIFICATION

STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NEW YORK     )

Jeremy J.O. Harwood, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome, LLP, attorneys for Defendant.

2. I have read the foregoing Answer and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Defendants is that Defendants are foreign corporations, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of Defendants.

_____
Jeremy J.O. Harwood

Sworn to before me this
15th day of April, 2008

_____
Notary Public

NEAL MITCHELL
Notary Public, State of New York
No. 01MI6114408
Qualified in New York County
Commission Expires Aug. 16, 20__